|  |  |
|---|---|
| ROBERT CHARLES SMALLWOOD, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 17-cv-00010 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES

Robert Charles Smallwood, Plaintiff Pro Se
1039 Crest Road
Pine Hill, NJ 08021

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Robert Charles Smallwood seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## Claims Against CCJ: Dismissed With Prejudice

4.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5.    Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983.

say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

6.    Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff asserts claims against CCJ for allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given

*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

that the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

7.    Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

<u>**Conditions Of Confinement Claims:**</u>
<u>**Dismissed Without Prejudice**</u>

8.    Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9.    The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10.    To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule

show that the claim is facially plausible. *Fowler v. UPMS*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). Moreover, while *pro se* pleadings are liberally

construed, "*pro se* litigants still must allege sufficient facts

in their complaints to support a claim." *Mala v. Crown Bay*

*Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation

omitted) (emphasis added).

11.  A complaint must plead sufficient facts to support a

reasonable inference that a constitutional violation has

occurred in order to survive this Court's review under § 1915.

---

of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-
1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017)
(citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir.
2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000));
*Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012)
(discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*,
287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. §
1915A(b)).

12.     However, with respect to the alleged facts giving rise to Plaintiff's claims, the present Complaint states: "Layed [*sic*] on floor right next to door because there was 3 people to a cell and I was the 1 on the floor in a room with 2 beds and capacity of 2 adults so I had to sleep on the floor next to door!" Complaint § III(C).

13.     Plaintiff states that these events occurred: "08-15-16[;] 08-22-16." *Id*. § III(B).

14.     Plaintiff alleges that he sustained injuries of "broke[n] nose, lump on back, fractured cheek bone and PTSD." *Id*. § IV.

15.     With respect to requested relief, Plaintiff "want[s] the Court to put as many people in a cell that is [*sic*] accommodated with beds! Also, guards could be nicer, and have someone that could help with co[o]rdination with inmates, and separate those who have problems with people!! The guards should not treat people like scum, should be equal!!!" *Id*. § V.

16.     Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

17.  The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

18.   Moreover, Plaintiff's claim for prospective injunctive

relief must be dismissed as moot. Plaintiff has not stated a

request for monetary damages in the Complaint; rather,

Plaintiff's request for relief states: "I want the Court to put

as many people in a cell that is [*sic*] accommodated with beds!

Also, guards could be nicer, and have someone that could help

with co[o]rdination with inmates, and separate those who have

problems with people!! The guards should not treat people like

scum, should be equal!!!" Complaint § V. Plaintiff is no longer

incarcerated at the CCJ, however. Plaintiff therefore lacks

standing to seek injunctive relief because he is no longer

subject to the allegedly unconstitutional conditions he seeks to

challenge. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir.

1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981).[4]

---

[4] Given that Plaintiff seeks a court injunction rather than money
damages, the Court further advises Plaintiff that he is one of
thousands of members of a certified class in a case on this
Court's docket captioned *Dittimus-Bey, et al. v. Taylor, et al.*,
Civil Action No. 1:05-cv-0063-JBS, United States District Court
for the District of New Jersey. The class plaintiffs are all
persons confined at the Camden County Correctional Facility
("CCCF"), as either pretrial detainees or convicted prisoners,
at any time from January 6, 2005 until the present time. The
*Dittimus-Bey* class of plaintiffs seeks injunctive and
declaratory relief concerning allegedly unconstitutional
conditions of confinement at the CCCF involving overcrowding.
The *Dittimus-Bey* class action does not involve money damages for
individuals. There is a proposed final settlement of *Dittimus-
Bey*, which this Court preliminarily approved on February 22,
2017. That February 22 preliminary approval describes the
proposed settlement in detail. Various measures undertaken
pursuant to the Court-approved Second and Third Consent Decrees

19.    Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[5]

20.    Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

---

have reduced the CCCF jail population to fewer prisoners than the intended design capacity for the jail, thereby greatly reducing or eliminating triple and quadruple bunking in two-person cells; these details are further explained in the proposed Sixth and Final Consent Decree, which would continue those requirements under Court supervision for two more years. According to the Notice Of Class Action Settlement approved in the *Dittimus-Bey* case on February 22, 2017, any class member can object to the proposed settlement by filing an objection in the *Dittimus-Bey* case before April 24, 2017. A final hearing is set for May 23, 2017, at which time the Court will consider any objections to the settlement. If the *Dittimus-Bey* settlement is finally approved after the May 23, 2017 hearing, Plaintiff and other class members will be barred from seeking injunctive or declaratory relief for the period of time from January 6, 2005 until the date of final approval, but the settlement does not bar any individual class member from seeking money damages in an individual case.
[5] The amended complaint shall be subject to screening prior to service.

21. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

22. For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim.

23. An appropriate order follows.

**April 27, 2017**                         **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge

10